# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SYSINE DALE,<br>   Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | No. 1:13-cv-02063-WTL-TAB<br>No. 1:11-cr-153-WTL-DML-02 |

## Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
## and Denying Certificate of Appealability

For the reasons explained in this Entry, the amended motion of Sysine Dale ("Dale") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue**.**

### I. Background

#### A. Background

A motion pursuant to 28 U.S.C. ▪ 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Dale has filed such a motion.

#### B. Discussion

Dale was charged in No. 1:11-cr-153-WTL-KPF-2 with having committed drug offenses. She petitioned the Court to resolve those charges through a plea of guilty and after appropriate inquiry and findings that resolution was accepted. Dale was sentenced on September 12, 2012 and is now serving the executed portion of that sentence.

No appeal was filed from the disposition just described. As noted, however, Dale has filed a motion for relief pursuant to 28 U.S.C. § 2255 appeared to have been filed beyond the time permitted by that statute.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions, 28 U.S.C. § 2255(f). For purposes of § 2255(f) (1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Dale's judgment of conviction was entered on the clerk's docket on September 18, 2015. No appeal was filed. The last day on which the petitioner could have filed a notice of appeal was 14 days later, October 1, 2012 (with the actual 14th day having been a Sunday). Dale's conviction thus became final on October 2, 2012, and she had one year—until October 2, 2012—in which to file a § 2255 motion. Her motion was signed on December 1, 2013, and that is the earliest date the motion can be considered to have been filed. Thus, Dale's § 2255 motion was filed a full two months after the expiration of the applicable statute of limitations.

The United States argues, in part, that Dale's motion was not timely filed. Dale concedes this, but explains that the conditions of prison life and her pro se status warrant equitable tolling of the statute of limitations.

Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The circumstances identified by Dale, and as she supplies a meager description of them, do not support application of the doctrine of equitable tolling here.

*Estremera v. United States*, 724 F.3d 773, 779 (7th Cir. 2013); *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Those circumstances also do not support a finding that Dale was diligent in pursuing this remedy. *Taylor v. Michael,* 724 F.3d 806, 810, 811-12 (7th Cir. 2013)("When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing.").

Dale's motion for relief pursuant to 28 U.S.C. § 2255 was not timely filed. She has not established circumstances permitting her to overcome the consequence of her untimely filing.

### C. Conclusion

For the reasons explained above, Dale's motion for relief pursuant to 28 U.S.C. § 2255 was not timely filed and must be denied without the merits of her claims being reached. The motion for relief is denied. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be docketed in the underlying criminal action.

### II. Certificate of Appealability

The court also finds that Dale has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 4/10/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

SYSINE DALE
10221-028
CARSWELL FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 27137
FORT WORTH, TX 76127